**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

**DENOVO BRANDS, LLC**                                                    **PLAINTIFF**

**V.**                              **Case No. _____**

**GCI OUTDOOR, INC.**                                                    **DEFENDANT**

## COMPLAINT

Plaintiff Denovo Brands, LLC ("Denovo"), through its attorneys, Friday, Eldredge & Clark, LLP, for its Complaint, states as follows:

## PARTIES, JURISDICTION, & VENUE

1.      Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Denovo seeks a declaratory judgment from this Court that it is not infringing on U.S. Patent 9,282,824, dated March 15, 2016 (the "'824 Patent"), and owned by Defendant GCI Outdoor, Inc. ("GCI"). Denovo alternatively seeks a declaratory judgment that the '824 Patent is invalid.  A true and correct copy of the '824 Patent is attached as Exhibit A and is incorporated by reference.

2.      Denovo is an Arkansas limited liability company with its principal place of business in Rogers, Benton County, Arkansas.

3.      GCI is a Connecticut corporation with its principal place of business in Higganum, Connecticut.

4.      GCI does or has recently done significant business with Walmart in Bentonville, Arkansas, such that it has continuous, systematic contacts to be subject to personal jurisdiction in this Court.  GCI's current catalog is available on Walmart's website.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Denovo's alleged conduct at issue in this suit occurred in this district.

6.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

1

## FACTUAL ALLEGATIONS

7.      Denovo, through its Kijaro and Equip product lines, manufactures and produces outdoor products like hammocks and chairs.

8.      Denovo recently launched a new collapsible, portable, lightweight outdoor rocking chair through the Kijaro line called the ROK-IT chair:



9.      Denovo original filed a patent application on a rocking mechanism for a foldable chair on March 6, 2014, and is actively seeking patent protection for the rocking mechanism for its ROK-IT chair.

10.     GCI also manufactures collapsible outdoor rocking chairs—like one of those pictured in the '824 Patent.  *See, e.g.*, FIGS. 1-8 of the '824 Patent.

11.     The '824 Patent contains 20 enumerated claims directed to the embodiment in Fig. 9. *See id.*, pp. 16-18.

12.     Claim 1 of the '824 Patent includes , *inter alia,* the following limitation:

a fulcrum member defining a fulcrum point at a terminal end thereof adapted for contacting the ground surface upon which the chair sits in the set-up condition and for supporting the chair frame, and about which said chair frame can move between forward and rearward positions;

*See* '824 Patent, p. 16, col. 14, ll. 6-11.  Every claim in the '824 Patent contains this or a substantially similar claim element.  *See generally id.* at pp. 16-18.

13.     The ROK-IT chairs do not have any component that meets this claim limitation. The ROK-IT chairs therefore do not infringe on any claim of the '824 Patent.

14.     On April 12, 2019, GCI caused to be sent to Denovo a cease-and-desist letter wherein GCI claimed that the ROK-IT chair infringed on the '824 Patent (the "Cease and Desist Letter").  A true and correct copy of the Cease and Desist Letter is attached as Exhibit B and is incorporated by reference.

15.     GCI has alleged that "ROK-IT Chair is a knock-off of GCI's Pod Rocker™ and RoadTrip Rocker™ Chairs, and, as a result, utilizes technology covered by GCI's '824 patent, as well as other pending GCI patent rights."  *Id.* (emphasis added).

16.     GCI also asserted that  "[i]n this regard, the sale and continued  marketing of  the ROK-IT Chair in the U.S., adversely affect GCI such that it cannot let such infringing activities continue unchallenged."  *Id.* (emphasis added).

17.     In the Cease and Desist Letter, GCI demanded that Denovo cease importing the ROK-IT line and threatened to "involve the U.S. International Trade Commission" if necessary.

18.     GCI also demanded written assurances from Denovo by April 26, 2019 that it would comply with the Cease and Desist Letter.  Without such assurances, GCI forebodingly

promised "to consider all options necessary to preserve and protect its intellectual property rights"—like filing an infringement action or "involv[ing] the U.S. International Trade Commission."

19.     The statements and threats in the GCI Cease and Desist Letter have given Denovo a reasonable apprehension of litigation based on the importation and selling of its ROC-IT chair.

20.     There is therefore an actual, live controversy between the parties, and Denovo is under imminent threat of suit absent a declaratory judgment from this Court that its ROK-IT line does not infringe on the '824 Patent.

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT (NON-INFRINGEMENT)

21.     Denovo has not infringed and is not infringing any valid, enforceable claim of the '824 Patent, either literally or under the doctrine of equivalents, or directly or indirectly.

22.     GCI claims that Denovo has infringed or is in infringing on at least one claim of the '824 Patent.  An actual case or controversy therefore exists between Denovo and GCI surrounding the '824 Patent.

23.     Denovo stands ready, willing, and able to produce its ROK-IT chair in support of its request for a declaratory judgment that the ROK-IT chair does not infringe on the '824 Patent.

24.     Denovo is entitled to a declaratory judgment that it has not infringed and is not presently infringing any valid, enforceable claim of the '824 Patent.

### COUNT II: DECLARATORY JUDGMENT (INVALIDITY)

25.     Alternatively, the '824 Patent is invalid as obvious.

26.     Many, if not all, of the claims in the '824 Patent are invalid as being obvious under 35 U.S.C. § 103 or unsupported under 35 U.S.C. § 112.

27.     The chair in Fig. 9, which is the subject of the claims in the '824 patent, is described as a standard chair: "Here, the chair frame 112 utilizes an open frame construction generally associated with standard folding chairs." *See* '824 Patent, col. 11, ll. 38-40.  Thus, the only allegedly novel parts of the chair covered by the '824 Patent are the fulcrum member and springs.

28.     But the prior art reveals that fulcrum members and springs have been routinely used in rocking chairs like that covered by the '824 Patent—especially U.S. Patent No. 490,366 to Seng (the "Seng Patent"), which contains a Fig. 1 that is eerily similar to Fig. 9 of the '824 Patent:



29. The springs and fulcrum member are obviously present in the Seng Patent. A true and correct copy of the Seng Patent is attached as Exhibit C and is incorporated by reference.

30. In fact, the concept of utilizing springs to convert a standard chair into a rocker was prevalent as early as 1868, as evidenced by U.S. Patent No. 77,161 to A.M. Blake (the "Blake Patent"); U.S. Patent No. 89,827 to Badlam & Lang (the "Badlam Patent"); and U.S. Patent No. 114,812 to Hartman (the "Hartman Patent"). True and correct copies of the Blake Patent, the Badlam Patent, and the Hartman Patent are attached as Exhibits D, E and F, respectively, and each is incorporated by reference.

31. Likewise, the concept of utilizing a fulcrum member to convert a standard chair into a rocker was prevalent as early as 1940, as evidenced by U.S. Patent No. 2,280,732 to M. Thum (the "Thum Patent"). A true and correct copy of the Thum Patent is attached as Exhibit G and is incorporated by reference.

32. The combination of the admitted prior art and other prior art references such as the Seng Patent, the Blake Patent, the Badlam Patent, the Thum Patent, and the Hartman Patent renders a majority of the '824 Patent's claims invalid.

33. As explained above, Denovo faces the imminent prospect of suit absent a declaratory judgment by this Court that the ROK-IT chair does not infringe on '824 Patent or that the '824 Patent is invalid.

34. Denovo requests a trial by jury.

WHEREFORE, Plaintiff Denovo Brands, LLC, respectfully prays for a declaratory judgment in its favor finding that it has not infringed and is not infringing on the '824 Patent or, alternatively, that the '824 Patent is invalid, and for any other just and proper relief to which it may be entitled.

Respectfully submitted,

Marshall S. Ney, AR Bar No. 91108
Kael K. Bowling, AR Bar No. 2016220
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, Arkansas  72758
Office:          (479) 695-6049
Facsimile:      (501) 244-5389
mney@fridayfirm.com
kbowling@fridayfirm.com


By:     */s/ Marshall S. Ney*
        Marshall S. Ney