UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DENOVO BRANDS, LLC                                                            PLAINTIFF

v.                              No. 5:19-cv-05087

GCI OUTDOOR, INC.                                                             DEFENDANT

## OPINION AND ORDER

On April 26, 2019, Denovo Brands, LLC initiated this action against GCI Outdoor, Inc. seeking a declaratory judgment that its ROK-IT chair does not infringe on GCI's registered U.S. Patent No. 9,282,824 or, alternatively, that GCI's patent is invalid. On June 16, 2019, after GCI failed to file a responsive pleading, the Clerk entered the default of GCI. (Doc. 11). After the Court denied Denovo's motion for default judgment (Doc. 12), counsel for GCI entered a notice of appearance and immediately filed a motion (Doc. 14) to set aside the default on the basis that GCI's registered agent, Daniel Grace, was never served. Denovo filed a response in opposition (Doc. 23), a supplement to its response (Doc. 27-1), and GCI filed a reply (Doc. 26) with leave of Court. For the reasons set forth below, the Court will GRANT the motion to set aside the default of GCI.

There is a strong preference for adjudication on the merits stemming from an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). The entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation omitted). GCI

argues here that it was neither blameworthy nor culpable because its registered agent, Daniel Grace, was not served in accordance with the Federal Rules of Civil Procedure.

The plaintiff bears the burden of demonstrating that a defendant was served. Fed. R. Civ. P. 4(l)(1). A return of service is prima facie evidence that service was proper. *See Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955). Once a plaintiff establishes a prima facie showing of service, the burden shifts to the defendant to show that a complaint and summons were not received. *Id.* Generally, a defendant's sworn affidavit denying receipt of service rebuts the presumption of service. *See Ghounem v. Ashcroft*, 378 F.3d 740, 745 (8th Cir. 2004). In these cases, a plaintiff cannot rely on the presumption but must instead provide additional evidence to satisfy its Rule 4 burden. *Cf. Del Vecchio v. Bowers*, 296 U.S. 280, 286 (1935) (holding a presumption does not have "the quality of affirmative evidence" and will "control the result [only] where there is an entire lack of competent evidence"); *see also St. Louis Shipbuilding Co. v. Dir. of Office Workers' Comp. Programs, U.S. Dep't of Labor*, 551 F.2d 1119, 1124 (8th Cir. 1977) ("The presumption serves only to control the result where there is a total lack of competent evidence.").

In this case, Denovo filed as proof of service the affidavit of Andrew Esposito. (Doc. 7). According to his affidavit, Mr. Esposito alleges to have served GCI's registered agent, Daniel Grace, on May 14, 2019. (*Id.*). However, Mr. Grace filed his own affidavit denying that he received service. (Doc. 14-1, pp. 2-3). The proof of service makes no mention as to how Mr. Grace was served, nor does it indicate where he was served. Rather, the only detail communicated by the proof of service is an assertion that Mr. Esposito served Mr. Grace on May 14. Because Mr. Grace's affidavit refutes the only representation in the proof of service, his declaration under oath rebuts any presumption of service that may apply. Denovo must therefore provide additional

evidence to demonstrate that service was proper.

The Court has considered holding an evidentiary hearing on this matter, but it appears such a hearing would be futile. Mr. Esposito filed a responsive affidavit to Mr. Grace's allegation that he was never served. (Doc. 23-1). Though Mr. Esposito claims to have personally served Mr. Grace on May 14, 2019, he is unable to locate any notes regarding the location or time he served Mr. Grace. Rather, Mr. Esposito all but indicated those notes do not exist. *Id.* ("This is not uncommon. Because the Proof of Service form does not explicitly require these additional details, it is our practice not to provide them."). Mr. Esposito had an opportunity to offer additional evidence as to how he served Mr. Grace—whether by his own testimony or otherwise—but is unable to do so. Because Denovo appears unable to offer any additional evidence as to how service was perfected, any evidentiary hearing would be futile. Accordingly, the Court finds that Denovo has failed to carry its burden to demonstrate that service was proper.

Because Denovo fails to carry its burden to prove service, the Court finds that GCI was not served in accordance with Rule 4. As a result, GCI's failure to timely respond was not the result of its own culpable or blameworthy conduct. Additionally, Denovo will not be prejudiced for having to proceed with a case that it filed. As to whether GCI has a meritorious defense, if GCI's answer is factual, GCI's defense is meritorious. For these reasons—as well as the Court's strong preference for adjudication on the merits—the Court finds good cause to set aside the default of GCI. The Clerk's entry will be set aside.

The 90-day period for Denovo to effectuate service has passed. Fed. R. Civ. P. 4(m). Although it is Denovo's counsel's responsibility to comply with the Federal Rules in effectuating proper service, the insufficiency of the proof of service is attributable more to the process server's poor recordkeeping than any other reason. The Court finds that good cause exists to allow Denovo

the opportunity to perfect service of process on GCI.  *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").  The Court will therefore extend the period of time for perfecting service of process for an additional 45 days from the date of this order.

      IT IS THEREFORE ORDERED that Defendant's motion (Doc. 14) is GRANTED and the Clerk's entry of default (Doc. 11) is SET ASIDE.

      IT IS FURTHER ORDERED that the time for Plaintiff to perfect service of process is extended to 45 days from the date of entry of this order, which the Court calculates as November 4, 2019.

      IT IS SO ORDERED this 18th day of September, 2019

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE